# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| JAMES C. HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL NO. 2004/0028 |
| HOVENSA, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

Finch, Senior Judge.

THIS MATTER comes before the Court on the Motion to Compel Arbitration and to Stay the Proceedings Pending Arbitration filed by HOVENSA, LLC.  Plaintiff James Harrison opposes such motion on various grounds, including waiver.

**I.      Background**

Harrison served  HOVENSA with his Complaint on March 26, 2004.  It was not until August 12, 2005, more than a year and four months later, that HOVENSA filed the instant motion seeking arbitration.  In the interim, HOVENSA and Harrison exchanged their voluntary disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.  HOVENSA propounded extensive discovery to which Harrison provided comprehensive responses. HOVENSA, on the other hand, only objected to Harrison's discovery requests, and never provided its responses.  Harrison ultimately moved to compel HOVENSA to respond to his discovery requests.  After this motion was fully briefed, including a sur-reply by HOVENSA, the Magistrate Judge denied the motion without prejudice and required that, before Harrison renewed

his motion, the parties meet and confer. Because of the ongoing discovery and related disputes, HOVENSA stipulated twice with Harrison to extend the discovery deadlines.

HOVENSA also answered Harrison's Complaint, agreed to Harrison amending his Complaint, and answered Harrison's Amended Complaint. To monitor the case's activity, the Magistrate Judge held two status conferences before HOVENSA filed its motion to compel arbitration.

Harrison contends that by actively litigating this case before this Court for more than a year and four months, HOVENSA waived its right to arbitration. In its reply, HOVENSA makes the conclusory, unsupported statement, that it moved for arbitration as soon as it realized that it was named as a third-party beneficiary in Harrison's Hourly Employee Agreement with Turner St. Croix Maintenance, Inc.

## II. The Law of Waiver

The waiver of the right to arbitrate based on litigation conduct is presumptively an issue for the Court to decided. Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 221 (3d Cir. 2007). "[P]rejudice is the touchstone for determining whether the right to arbitrate has been waived." Id. at 222 (quotation omitted). Nonexclusive factors relevant to the waiver inquiry are:

> [1] the timeliness or lack thereof of a motion to arbitrate ... [; 2] the degree to which the party seeking to compel arbitration [or to stay court proceedings pending arbitration] has contested the merits of its opponent's claims; [3] whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; [4] the extent of its non-merits motion practice; [5] its assent to the [trial] court's pretrial orders; and [6] the extent to which both parties have engaged in discovery.

Id. (quotation omitted). The right to arbitration has been considered waived when the demand

2

for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery. Id. at 223.

**III.     Analysis**

Neither HOVENSA nor Harrison argues that the Hourly Employee Agreement provides that the question of waiver is for the arbitrator to decide. Thus, the Court finds that the presumption that it should decide the issue has not been rebutted.

HOVENSA delayed more than a year and four months in moving for arbitration. The Court "readily infer[s] that [Harrison] has already invested considerable time and expense in litigating the case in court, and would be required to duplicate [his] efforts, to at least some degree, if the case were now to proceed in the arbitral forum." See id. at 224.

Harrison may also be substantively prejudiced in that Harrison has fully responded to HOVENSA's discovery requests, while HOVENSA has yet to answer Harrison's 25 interrogatories or 25 demands for production, other than with its objections. Under the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association, the arbitrator determines the scope of discovery, rather than the Federal Rules of Civil Procedure. Thus, although Harrison has divulged the information he possesses, HOVENSA may never have to provide full disclosure.

Until HOVENSA filed it motion for arbitration, it never gave Harrison any indication that it intended to seek arbitration, but stipulated with Harrison to extensions of discovery deadlines. The extensions gave HOVENSA and Harrison the opportunity to engage in discovery during almost an entire year before HOVENSA moved to arbitrate.

3

Finally, the Court does not credit HOVENSA's argument that it moved to arbitrate as soon as it realized that it had a contractual right to arbitration. HOVENSA does not document when or how it first acquired this knowledge, or why it was not previously aware of the standard terms of its subcontractor's Hourly Employee Agreement.

**IV.     Conclusion**

The Court finds that HOVENSA has waived its right to arbitration in this matter. Because HOVENSA engaged in litigation conduct, including extensive discovery, for more than a year and four months before seeking arbitration, Harrison would be prejudiced if the case were now submitted to the arbitral forum. Therefore, the Court denies HOVENSA's Motion to Compel Arbitration and to Stay the Proceedings Pending Arbitration

ENTER:

DATE:      December 3, 2008            _____/s/_____
                                        Honorable Raymond L. Finch
                                        Senior District Judge